IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES DEFRANCESCO, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * Civil Action File No. |
| | * |
| SENTRY SELECT INSURANCE COMPANY, | * |
| | * |
| Defendant. | * |

## PETITION FOR REMOVAL

TO: The Judges of the United States District Court, Northern District of Georgia

The Petition of Defendant Sentry Select Insurance Company (hereinafter "Sentry" or Defendant) respectfully shows the Court as follows:

1.

A civil action has been brought against the Petitioner in the State Court of Gwinnett County, State of Georgia, by the above-named Plaintiff, said action being designated as Civil Action No. 18C05727-2 in which Plaintiff, in her Responses to Requests for Admissions, has sought to recover of the Defendant a sum in excess of $75,000.00 exclusive of interest and costs.

2.

The Plaintiff is now, was at the time of the commencement of this action, and at all times since has been a citizen and resident of the State of Georgia.

3.

Defendant Sentry is now, was at the time of the commencement of this lawsuit, and at all times since, a corporation organized and existing under the laws of the State of Wisconsin, having its principal place of business in Stevens Point, Wisconsin.

4.

Defendant Sentry attaches a copy of the following documents that were filed with the State Court of Cobb County:

Exhibit A   Summons and Complaint;

Exhibit B   Answer of Sentry Select Insurance Company;

Exhibit C   Demand for Twelve-Person Jury;

Exhibit D   Rule 5.2 Certificate of Service for Defendant Sentry Select Insurance Company's First Interrogatories to Plaintiff, Sentry Select Insurance Company's First Request for Production of Documents to Plaintiff, and Sentry Select Insurance Company's First Requests for Admissions to Plaintiff;

5.

In the Complaint (Exhibit A) filed by the Plaintiff in the State Court of Gwinnett County, the Plaintiff alleges vehicle accident occurred on March 14, 2017 in Gordon County, Georgia involving a Sentry insured motor common carrier. As a result, he has asserted a claim for "general damages, special damages and punitive damages as allowed by law and evidence". Plaintiff did not allege an

amount of money that he was seeking in damages.

6.

On October 8, 2018, Plaintiff provided written responses to Sentry's Requests for Admissions wherein Plaintiff specifically stated that he was claiming damages in excess of the statutory limit. In Request for Admission No. 1 of Defendant Sentry's First Requests for Admissions to Plaintiff, he was asked to "Please admit that the Plaintiff's special damages claim arising out of the subject occurrence on March 13, 2017 is in excess of $75,000.00". Plaintiff responded by stating "Admitted".

7.

Based upon the Plaintiff's alleged injuries, claim for medical expenses and continuing claim for general damages, along with Plaintiff's own statement in his discovery responses, Defendant Sentry submits that the amount in controversy in the within action is in excess of the jurisdictional limit of $75,000.

8.

Now within thirty (30) days after receipt of Plaintiff's discovery responses, Defendant Sentry removes this case to this Court pursuant to 28 U.S.C. § 1446(b) which permits a case to be removed if the case stated by the initial pleading is not removable, but the Defendant later receives other paper (which includes discovery responses) from which it can be ascertained that the case is one which has become

removable, then the Defendant may remove the case to federal court on the basis of diversity jurisdiction provided by 28 U.S.C. § 1332, so long as not more than one-year has expired. This case was commenced on August 1, 2018.

9.

This action could have originally been brought in this Court under 28 U.S.C. § 1332, in that it is a civil action wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and cost, and there is diversity of citizenship between the parties.

10.

As between the Plaintiff and Defendant Sentry there exists complete diversity of citizenship under 28 U.S.C. § 1332(a).

12.

Pursuant to 28 U.S.C. § 1441, et seq., this action is now removable by reason of diversity of citizenship, there being more than $75,000.00 in controversy, exclusive of interest and costs.

WHEREFORE, Defendant Sentry Select Insurance Company files this Notice of Removal of said cause to this Court.

This 16th day of October, 2018.

FAIN, MAJOR & BRENNAN, P.C.

JAMES W. HARDEE
Georgia Bar No. 324399
ROBYN M. ROTH
Georgia Bar No. 153025
*Counsel for Defendant*

100 Glenridge Point Parkway
Suite 500
Atlanta, GA 30342-1445
404-688-6633

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES DEFRANCESCO,                :
                                  :
         Plaintiff                :
                                  :     CIVIL ACTION
v.                                :     FILE NO.
                                  :
SENTRY, SELECT INSURANCE          :
COMPANY,                          :
                                  :
         Defendant                :

## CERTIFICATE OF SERVICE

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of **Defendant Sentry Select Insurance Company's Petition for Removal** via United States Mail, postage pre-paid, addressed as follows:

David Tuszynski
Garland, Samuel & Loeb, P.C.
3151 Maple Drive, N.E.
Atlanta Georgia  30305

This 16th day of October, 2018.

FAIN, MAJOR & BRENNAN, P.C.

JAMES W. HARDEE
Georgia Bar No. 324399
ROBYN M. ROTH
Georgia Bar No. 153025

100 Glenridge Point Parkway  *Counsel for Defendant*
Suite 500
Atlanta, GA 30342-1445
404-688-6633